# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-151V
### (not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
```
|  |  |
|---|---|
| ARCHANA CHANDER, on behalf of her minor child, L.M., | |
| | Filed: January 13, 2021 |
| Petitioner, | |
| v. | Decision by Stipulation; Damages; MMR Vaccine; Idiopathic Thrombocytopenia Purpura ("ITP"). |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

```
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Andrew Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner
*Julia Collison*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION ON JOINT STIPULATION[1]

On November 14, 2017, Archana Chander ("Petitioner") filed a petition on behalf of her daughter L.M., seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  Petitioner alleges L.M. suffered from idiopathic thrombocytopenia purpura ("ITP") as a result of the measles, mumps, and rubella ("MMR") vaccination she received on May 1, 2015.  *See* Stipulation ¶ 2, 4, dated January 12, 2021 (ECF No. 66); *see also* Petition.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Respondent denies "that L.M. sustained an ITP Table injury within the Table time period, and further denies that the MMR vaccine caused L.M.'s alleged ITP, or any other injury or her current condition." *See* Stipulation ¶ 6.  Nonetheless, both parties, while maintaining their above-stated positions, agreed in a stipulation filed January 12, 2021 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

**1.  A Lump Sum**

A lump sum of $5,000.00 in the form of a check payable to [P]etitioner, which represents compensation for past unreimbursable expenses. Stipulation ¶ 8.

**2.  An Annuity**

The remainder of damages shall be paid in the form of an annuity contract, which shall be purchased as soon as practicable after entry of judgment.  Accordingly, pursuant to 42 U.S.C. § 300aa-15(f)(4), I order Respondent to purchase, and take ownership of, an annuity contract,[3] as described below:

Each Life Insurance Company must meet the following criteria:

1. Have a minimum of $250,000,000 of capital and surplus, exclusive of any mandatory security valuation reserve; and

2. have one of the following ratings from two of the following rating organizations:
   a)  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;
   b)  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;
   c)  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;
   d)  Fitch Credit Rating Company, Insurance Company Claims-Paying Ability Rating: AA-, AA, AA+, or AAA.

The Secretary of Health and Human Services shall purchase an annuity contract from the Life Insurance Company for the benefit of Petitioner, pursuant to which the Life Insurance Company will agree to make payments periodically to Petitioner as described in paragraph 10 of the attached Stipulation.  This award represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

---

[3] To satisfy the conditions set forth herein, in Respondent's discretion, Respondent may purchase one or more annuity contracts from one or more life insurance companies.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

ARCHANA CHANDER, on behalf of her
minor child, L.M.

        Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

        Respondent.

No. 18-151V
Special Master Oler
ECF

**STIPULATION**

The parties hereby stipulate to the following matters:

    1.    Archana Chander ("petitioner"), on behalf of L.M., a Minor, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury allegedly related to L.M.'s receipt of a measles/mumps/rubella ("MMR") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

    2.    L.M. received the MMR vaccine on May 1, 2015.

    3.    The vaccine was administered in the United States.

    4.    Petitioner alleges that L.M. sustained the first symptom or manifestation of onset of idiopathic thrombocytopenia purpura ("ITP") within the time period set forth in the Table, and experienced the residual effects of this injury for more than six months. Alternatively, petitioner alleges that the MMR vaccine caused L.M.'s alleged ITP.

    5.    Petitioner represents that there has been no prior award or settlement of a civil

action for damages as a result of L.M.'s alleged condition.

6.    Respondent denies that L.M. sustained an ITP Table injury within the Table time period, and further denies that the MMR vaccine caused L.M.'s alleged ITP, or any other injury or her current condition.

7.    Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.    As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.  A lump sum of $5,000.00, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioner, Archana Chander; and,

    b.  An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42. U.S.C. § 300aa-15(a).

9.    The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations"

    a.  A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

2 of 7

      c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

      d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of L.M., pursuant to which the Life Insurance Company will agree to make payments periodically to L.M. for damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

      a. A lump sum of $42,160.06 on April 20, 2035;

      b. A lump sum of $45,595.52 on April 20, 2038; and

      c. A lump sum of $49,240.41 on April 20, 2041.

The payments provided for in this paragraph 10 shall be made as set forth above. Should L.M. predecease any of the certain payments set forth above, any remaining certain payments shall be made to her estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of L.M.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of American are released from any and all obligations with respect

to future annuity payments.

12.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1) and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13.     Petitioner and petitioner's attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14.     Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 12, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.     The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of L.M. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.     Petitioner represents that petitioner presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of L.M.'s estate under the laws of the state of Georgia.

17.     In return for the payments described in paragraphs 8 and 12, petitioner, in

4 of 7

petitioner's individual capacity and as legal representative of L.M., on petitioner's own behalf, and on behalf of L.M., and L.M.'s heirs, executors, administrators, successors, or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of L.M. resulting from, or alleged to have resulted from the MMR vaccine administered on May 1, 2015, as alleged in a Petition filed on January 31, 2018, in the United States Court of Federal Claims as petition No. 18-151V.

18.     If L.M. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

5 of 7

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21.    Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR vaccine caused L.M.'s alleged ITP, or any other injury, or that L.M. sustained a Table injury.

23.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of L.M.

## END OF STIPULATION

Respectfully submitted,

**PETITIONER:**

ARCHANA CHANDER

**ATTORNEY OF RECORD FOR PETITIONER:**

ANDREW D. DOWNING
Van Cott & Talamante, PLLC
3030 N. Third Street, Suite 790
Phoenix, Arizona 85012
(602) 257-9160

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES HEATHER L PEARLMAN
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

TAMARA OVERBY
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

julia M Collison
by Heather L Pealm
JULIA M. COLLISON
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-0102

Dated: 01/12/2021

**7 of 7**

Scanned with CamScanner